UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

---

Brian Markins**,**

          Plaintiff,

  vs.

Syngenta Seeds**,**

          Defendant.

Court File No.

**NOTICE OF REMOVAL**

---

TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Syngenta Seeds, LLC (improperly named as Syngenta Seeds) ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Iowa District Court for Greene County, State of Iowa, to the United States District Court for the Southern District of Iowa, Central Division.  In support of its Notice of Removal, Defendant states as follows:

1. On April 2, 2025, Plaintiff, Brian Markins, ("Plaintiff") commenced a civil action against Defendant in the District Court for Greene County in the State of Iowa pursuant to Iowa Rule of Civil Procedure 1.301.  A true and correct copy of the Summons and Petition is attached as Exhibit A.

2. Plaintiff claims that he was wrongfully terminated due to retaliation from another employee making false allegations about him.

3. ***Diversity Jurisdiction Basis for Removal:***  This case is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in

citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4.      ***Citizenship of Parties:***  Plaintiff is the sole identified plaintiff in this action.  For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *See Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). A person may only have one domicile and may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). A person may only have one domicile and may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914). Upon information and belief, Plaintiff was a citizen and resident of the State of Iowa at the time of the commencement of this action and is now a citizen and resident of the State of Iowa.  (*See* Exhibit A.)

5.      Defendant is the sole identified defendant in this action.  Syngenta Seeds, LLC, the correctly named Defendant, is a limited liability company, meaning its citizenship is that of its members. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc*., 357 F.3d 827, 829 (8th Cir. 2004).  Syngenta Seeds LLC's sole member is Syngenta Corporation, a Delaware Corporation with its principal place of business in Delaware. A corporation is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).  The Supreme Court has held that courts should apply the "nerve center" test to determine a corporation's principal place of business.  Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the

corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.* Syngenta Corporation maintains its corporate headquarters in Wilmington, Delaware. Accordingly, Syngenta Corporation is a citizen of Delaware for purposes of diversity jurisdiction.

6.      Plaintiff is, therefore, diverse in citizenship from Defendant so as to vest removal jurisdiction in this Court.

7.      ***Amount in Controversy:*** This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiff expressly alleges that he has incurred damages for lost revenue, lost funds, lost bonus, and other unspecified damages. Plaintiff's annual rate of pay was $69,783 plus eligibility for a bonus. Considering Plaintiff's monetary claims and salary, this is the type of case wherein the damages sought may reasonably exceed $75,000, such that Defendant may properly remove this action notwithstanding Plaintiff's failure to precisely state an amount of damages exceeding the requisite amount in controversy. *See Berg v. INTL FC Stone, Inc.*, No. 418CV00465RGEHCA, 2019 WL 13301269, at *3 (S.D. Iowa Feb. 6, 2019); *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). Although Defendant denies the validity and merit of Plaintiff's claims and denies that he is entitled to any relief sought, his claim for damages in the aggregate amount to a claim for over $75,000 and thus, exceed the requisite amount in controversy and Defendant may remove this action. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

8.      ***Timing of Removal:***  Fewer than thirty (30) days have elapsed since April 2, 2025, Defendant's receipt of the original Petition, and this Notice is thus timely under 28 U.S.C. § 1446(b).

9.      Simultaneous with the filing of this Notice of Removal, Defendant has notified the Green County District Court in the State of Iowa of removal of this action.  No other process, pleadings, or orders have been served or filed in this action.

10.      Pursuant to Local Rule 81(a)(1), and 28 U.S.C. § 1446, as of the date of filing this Notice of Removal, no other pleadings or orders other than the Petition attached in Exhibit A have been filed in the State Court Action.

11.      Pursuant to Local Rule 81(a)(2), as of the date of filing this Notice of Removal, the only matters that are pending in the Iowa District Court for Greene County that require resolution are the issues raised in Plaintiff's Petition, which as of the time of filing this Notice of Removal have not yet been answered.

12.      Attorney Emily McNee represents Defendant. Plaintiff is *pro se*. Counsel's contact information as required under Local Rule 81(a)(3) is:

Emily A. McNee, Bar No. AT0014350
emcnee@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 S. 8th Street
Minneapolis, MN 55402.2136
Telephone:     612.630.1000
Facsimile:     612.630.9626

13.      True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff *Pro*

*Se* counsel and filed with the Court Administrator of the Greene County District Court in the State of Iowa on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Greene, Iowa, be removed to the United States District Court for the Southern District of Iowa, Central Division.

Dated:  April 22, 2025

/s/ Emily A. McNee
Emily A. McNee, Bar No. AT0014350
emcnee@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402.2136
Telephone:    612.630.1000
Facsimile:    612.630.9626

Attorneys for Defendant Syngenta Seeds

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 22, 2025by:

☐ Hand Delivered          ☒ United States mail
☐ Federal Express         ☐ Other (CM/ECF)

Signature: /s/   Emily A. McNee

4930-2203-8325.1 / 041024.1062